IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTOPHER BAILEY,

    Plaintiff,

  v.

STEVE SHELTON et al.,

    Defendants.

No. CV 07-1905-MO

OPINION AND ORDER

**MOSMAN, J.,**

    Christopher Bailey ("Mr. Bailey"), representing himself pro se, has brought suit against Dr. Steve Shelton, Dr. Gregg Lytle, and B. Whelan (collectively "Dr. Shelton"), under 42 U.S.C. § 1983. Mr. Bailey argues that defendants, employees of Two Rivers Correctional Institution ("TRCI"), have violated his Eighth Amendment right to be free from cruel and unusual punishment. (Compl. (#2) 3-4.) Mr. Bailey alleges a deprivation of adequate medical care in the treatment of his scabies condition. (*Id.* at 4.)

    Currently before the court are Dr. Shelton's Motion to Dismiss (#15) and Motion for Summary Judgment (#18). Dr. Shelton argues that Mr. Bailey's claim should be dismissed because Mr. Bailey has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA") and in the alternative, that Mr. Bailey's claim is barred by the applicable statute of limitations. (Defs.' Mot. for Summ. J. (#18) 1-2.) I hold that Mr. Bailey properly exhausted his administrative remedies and therefore DENY Dr. Shelton's Motion to

PAGE 1 - OPINION AND ORDER

Dismiss (#15). However, Mr. Bailey's claim is time-barred by the statute of limitations and I therefore GRANT Dr. Shelton's Motion for Summary Judgment (#18).

## BACKGROUND

The following facts are not in dispute. Mr. Bailey is a prisoner in the custody of the Oregon Department of Corrections ("ODOC"). (Defs.' Mot. for Summ. J. (#18) 1.) He has been an inmate at TRCI since August 4, 2004. (Nelson Aff. (#17) ¶ 3.)

On May 27, 2005, Mr. Bailey filed a grievance form stating that the medication provided for his eczema was not working and that he was experiencing pain and discomfort. (*Id.* Attach. 3 at 1.) Mr. Bailey indicated that he had seen all medical staff at TRCI but that his eczema was not resolving itself. (*Id.*) Dorothy Wettlaufer, Nurse Manager for TRCI, responded to Mr. Bailey's grievance on June 17, 2005. (Nelson Aff. (#17) ¶ 15; *id.* Attach. 4.) She indicated that Mr. Bailey had been seen several times regarding symptoms of eczema and had been treated for scabies on June 2, 2005, by Dr. Lytle. (*Id.* Attach. 4.) In closing, she recommended that Mr. Bailey "follow up with the suggestions of Health Services." (*Id.*)

Mr. Bailey filed his first grievance appeal on July 1, 2005. (*Id.* Attach. 5.) On the appeal form, Mr. Bailey argued that his condition had not improved and that his skin was still dark brown and cracking, and blood was visible. (*Id.*) He further stated that the Benadryl provided on his last sick call visit did not help his condition, which had been ongoing for nine months, and that the diagnoses provided by TRCI medical staff must have been wrong and he would like to see a more informed doctor. (*Id.*) Dr. Steve Shelton, Medical Director of the ODOC, responded to Mr. Bailey's appeal and stated that Mr. Bailey's condition appeared to be resolving because when he was seen on July 5, 2005, there was no visible rash. (*Id.* Attach. 6.)

On August 8, 2005, Bailed filed his second grievance appeal. (*Id.* Attach. 7.) In this appeal, Mr. Bailey stated that his rash had not gone away and that the medical department at TRCI was "dumbfounded" as to what was causing the condition. (*Id.*) He indicated that he continued to have small and large bumps filled with clear fluid all over his body and that he wished to be seen by a dermatologist. (*Id.*) Stan Czerniak, Assistant Director of Operations for the ODOC, responded to this appeal on September 14, 2005, stating that Mr. Bailey's health concerns were being properly addressed and appropriately treated by the health services staff. (*Id.* Attach. 8.) He further stated that Mr. Bailey had the option of purchasing his own care. (*Id.*)

Mr. Bailey has not filed a grievance regarding a skin condition since the September 14, 2005, response to his second grievance appeal. (*See* Nelson Aff. (#17) ¶ 13.) He filed this action on December 28, 2007.

## STANDARDS OF REVIEW

In reviewing a motion to dismiss, a court must "accept as true all well-pleaded facts in the complaint and construe them in the light most favorable to the nonmoving party." *Watson v. Weeks*, 436 F.3d 1152, 1157 (9th Cir. 2006) (citing *ASW v. Oregon*, 424 F.3d 970, 974 (9th Cir. 2005)). "In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003) (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988)). When nonjudicial remedies have not been exhausted "the proper remedy is dismissal of the claim without prejudice." *Id.* at 1120 (citing *Ritza*, 837 F.2d at 368, 368 n.3).

PAGE 3 - OPINION AND ORDER

Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In making this determination, all evidence must be construed in the light most favorable to the nonmoving party. *See State Farm Mut. Auto. Ins. Co. v. Davis*, 937 F.2d 1415, 1417 (9th Cir. 1991) (quoting *Hydro Sys., Inc. v. Cont'l Ins. Co.*, 929 F.2d 472, 473 (9th Cir. 1991)).

## DISCUSSION

I.    **Exhaustion of Grievance Procedures**

The PLRA states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

The administrative review procedures that a prisoner is required to exhaust are defined by the prison grievance process itself. *Jones v. Bock*, 549 U.S. 199, 218 (2007). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Id.*

Oregon's prison grievance system is found in the Oregon Administrative Rules ("OAR") at 291-109-0100 to 291-109-0190, which set forth a three-step grievance process. First, an inmate must file a formal grievance within thirty days of the incident giving rise to the grievance. Or. Admin. R. 291-109-0150(2). Second, an inmate may appeal the response to his grievance up to fourteen days after the response was sent to the inmate. *Id.* 291-109-0170(1)(b). The scope of

the complaint may not be expanded and no additional information may be submitted in the appeal unless the information was unavailable to the inmate at the time the original grievance was filed. *Id.* 291-109-0170(1)(a). Third, an inmate may file a second appeal within fourteen days of the grievance coordinator sending the inmate the response from the first appeal. *Id.* 291-109-0170(2)(c).

Dr. Shelton argues that Mr. Bailey failed to exhaust this process with regard to his scabies claim because Mr. Bailey never filed a grievance regarding a scabies condition. (Defs.' Mem. in Supp. of Mot. to Dismiss (#16) 5.) I find this argument unpersuasive. Mr. Bailey's grievance and subsequent appeals make clear that he was suffering from a skin condition that was causing him pain and discomfort. (*See* Nelson Aff. (#17) Attach. 3 at 1, Attach. 5, Attach. 7.) Mr. Bailey is not a doctor and is not expected to know the cause of his skin condition, particularly when the cause was not even known to the prison medical personnel.

Dr. Shelton makes no other objections to Mr. Bailey's exhaustion of the grievance procedure. Therefore, I hold that Mr. Bailey properly exhausted his administrative remedies regarding his scabies treatment claim, as required by 42 U.S.C. § 1997e(a).[1]

## II.     Statute of Limitations for Claims Brought Under 42 U.S.C. § 1983

Dr. Shelton argues that Mr. Bailey's claim must be dismissed because it is barred by the applicable two-year statute of limitations. (Defs.' Mem. in Supp. of Summ. J. (#19) 1.) Mr. Bailey brings his claim under 42 U.S.C. § 1983 ("Section 1983"). Section 1983 does not contain a statute of limitations. Therefore, federal courts must "adopt a local time limitation as federal

---

[1] It appears that Mr. Bailey's second appeal was made outside of the fourteen day window provided by OAR 291-109-0170(2)(c). Dr. Shelton has not made that argument, therefore, I decline to decide the question of exhaustion on that basis.

PAGE 5 - OPINION AND ORDER

law if it is not inconsistent with federal law or policy to do so." *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985), *superceded by statute on other grounds,* 28 U.S.C. § 1658, *as recognized in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377-80 (2004).  The Supreme Court had determined that Section "1983 claims are best characterized as personal injury actions." *Id.* at 280.

In Oregon, the statute of limitations for general tort actions, including personal injury actions, is two years.  Or. Rev. Stat. § 12.110(1).  Therefore, the statute of limitations for Section 1983 actions in Oregon is two years.  *Plumeau v. Sch. Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

"Only the length of the limitations period, and closely related questions of tolling and application, are to be governed by state law."  *Wilson*, 471 U.S. at 269.  The question of when a claim accrues is governed by federal law.  *Johnson v. California*, 207 F.3d 650, 653 (9th Cir. 2000) (citing *Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994)).  "Under federal law, a claim accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of action."  *Id.* (citing *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996)).

Mr. Bailey states that he did not know the cause of his injury until August 9, 2006, when he was informed by Dr. Lytle that Blue Mountain Pathology, Inc., had diagnosed him with scabies.  (Pl.'s Mem. in Opp. to Summ. J. (#26) 3.)  He therefore argues that his claim did not accrue until August 9, 2006, and that he filed this case well within the two-year statute of limitations by filing on December 17, 2007.[2]  (*Id.* at 3-4.)

---

[2] The Complaint (#2) was actually filed December 28, 2007.

PAGE 6 - OPINION AND ORDER

However, a claim does not accrue when a party knows the exact cause of an injury; it accrues when the "plaintiff knows, or should know, of the injury which is the basis of the cause of action." *Johnson*, 207 F.3d at 653 (citing *Kimes*, 84 F.3d at 1128). Mr. Bailey clearly knew that he had an injury when he filed his grievance with health services. Thus, even if Mr. Bailey's claim was equitably tolled while he was exhausting his administrative remedies under the prison grievance procedures, Mr. Bailey's claim is barred by the two-year statute of limitations. Mr. Bailey received the response to his final appeal on September 14, 2005. (Nelson Aff. (#17) Attach. 8.) At that time he knew that his skin condition caused him pain and discomfort and that the TRCI staff had rejected his grievance and appeals. He filed his claim December 28, 2007, more than two years later, therefore the claim is time barred.

## CONCLUSION

Based on the preceding, I DENY Dr. Shelton's Motion to Dismiss (#15) and GRANT Dr. Shelton's Motion for Summary Judgment (#18).

IT IS SO ORDERED.

Dated this  6th  day of January, 2009.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge